STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-177

GWEN GONSOULIN

VERSUS

MICHELLE PONTIFF

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20104380
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Charles A. Mouton
Mahtook & Lafleur
P. O. Box 3605
Lafayette, LA 70502
(337) 266-2189
Counsel for Plaintiff-Appellee:
Gwen Gonsoulin

Bryan David Scofield
James Thomas Rivera
Scofield & Rivera
P. O. Box 4422
Lafayette, LA 70502
(337) 235-5353
Counsel for Defendant-Appellant:
Michelle Pontiff

**PICKETT, Judge.**

The defendant, Michelle Pontiff, appeals a judgment of the trial court evicting her from a home owned by the plaintiff, Gwen Gonsoulin.

## STATEMENT OF THE CASE

In June 1992, Michelle Pontiff and her husband purchased a house at 104 Citron Drive in Youngsville, Louisiana. By the end of that year, they could no longer afford the house, and Pontiff and her husband executed a *dation en paiement* in favor of Gwen Gonsoulin, Pontiff's mother, on December 22, 1992. Pontiff continued to live in the house, even after she divorced her husband.

In April 2010, Gonsoulin served a notice of eviction on Pontiff through a justice of the peace court. Pontiff filed an exception, answer, and reconventional demand alleging that the amount in dispute was greater than the subject matter jurisdiction of the justice of the peace court, and the case was removed to the Fifteenth JDC. Pontiff argued that Gonsoulin had granted a right of habitation in favor of Pontiff which entitled Pontiff to use of the home until Pontiff's death. Gonsoulin claimed that she never executed such a document. The case proceeded to trial.

At trial, Pontiff admitted that she could not produce a document granting her a right of habitation. No such document had been recorded in the conveyance records of Lafayette Parish. Pontiff claimed that her mother actually executed two documents, one in Gonsoulin's living room, and one at the Lafayette Parish Assessor's office, but that both had been lost or destroyed. Because a right of habitation is a real right and must therefore be in writing, she sought to prove the existence and contents of these documents by resorting to La.Civ.Code art. 1832, which states:

When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen.

Following a hearing, the trial court found that Pontiff had proven that Gonsoulin executed a document at the assessor's office purporting to establish a limited right of habitation to Pontiff for the purpose of receiving a homestead exemption on the property. The court found, however, that the cause of the granting of the right of habitation was illicit and unconstitutional, and therefore the document was a nullity. The trial court granted Gonsoulin a judgment evicting Pontiff from the house. Pontiff now appeals.

## ASSIGNMENTS OF ERROR

Pontiff alleges three errors by the trial court:

1. The district court erred, as a matter of law, when it held that granting a Homestead Exemption was unconstitutional and unlawful.

2. The district court erred, as a matter of law, in failing to find an alternate true cause under Civil Code articles 1970 and 1967, which is valid and lawful.

3. The district court erred in finding a limited Right of Habitation, as a matter of law, when no limitation exists in the forms provided by the Tax Assessor's Office.

## DISCUSSION

"Habitation is the nontransferable real right of a natural person to dwell in the house of another." La.Civ.Code art. 630. "The right of habitation is established and extinguished in the same manner as the right of usufruct." La.Civ.Code art. 631. A conventional usufruct is established by a juridical act. *See* La.Civ.Code art. 544. Because the object of the right of habitation is necessarily immovable property, it must be in writing, and will have effect on third parties only after it is filed for registry. *See* La.Civ.Code art. 1839.

At the trial, Pontiff attempted to prove that Gonsoulin's attorney prepared and Gonsoulin executed a right of habitation in favor of Pontiff, but that Gonsoulin had lost or destroyed that document. The trial court did not find evidence to support the existence of this document, and Pontiff abandons this contention by not assigning as error that part of the trial court's ruling.

Likewise, Gonsoulin does not appeal the finding of the trial court that she executed a document at the Lafayette Parish Assessor's office. It is clear that until 2000, the Lafayette Parish Assessor allowed residents to take advantage of the homestead exemption by executing a form document granting a "right of use of habitation" to the occupants of a house. When a new assessor was elected in 2000, he ended this practice and destroyed the forms.

The question raised in this appeal is the effect of this document. Pontiff introduced two forms into the record, both with the same operative language:

> BE IT KNOWN, that on this ___ day of _____before the undersigned Notary Public and witnesses personally appeared _____ a resident of Lafayette Parish, Louisiana who says as follows:
>
> _____occupies a residence at _____in the city of Lafayette, Louisiana, on property owned by _____Affiant described as being LOTS _____ to the City of Lafayette, Louisiana.
>
> I hereby certify that no rent in any form is collected on this property. Since there is no rent collected, Affiant does hereby grant unto the said _____ the right of use of habitation of said property allowing him to claim Homestead Exemption under the laws of the State of Louisiana.

In her first assignment of error, Pontiff argues that the trial court erred in finding that the cause of the contract was unlawful. The supreme court discussed cause in *Baker v. Maclay Properties Co.*, 94-1529, p. 14 (La. 1/17/95), 648 So.2d 888, 895-96:

> LSA-C.C. art. 1966 provides that an obligation cannot exist without a lawful cause. Cause is the reason that a party obligates itself. LSA-C.C. art. 1967. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. art. 1968. A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. LSA-C.C. art. 2030. Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity. LSA-C.C. art. 7. *See Holliday v. Holliday*, 358 So.2d 618 (La.1978).

It is clear from the testimony of Conrad Comeaux, the current assessor of Lafayette Parish, and Vicky Domingue, a long-time employee of the assessor's office, that the effect of filing this document was that the property was listed as exempt from property taxes. As owner of the land, Gonsoulin was clearly not entitled to claim a homestead exemption in this property. *See* La.Const. Art. VII, Sec. 20. The trial court did not err in finding that the cause of the contract was illegal.

In her second assignment of error, Pontiff claims that there was a valid alternative cause. We are not persuaded by the argument that the effect of the "right of use of habitation" had a legitimate cause, as Gonsoulin wanted to avoid the payment of taxes, and Pontiff has paid the property taxes instead of Gonsoulin since 2000. The clear purpose of the document was to exempt the house from property taxes, not find someone else to pay them. The fact that Pontiff, who paid no rent for over eighteen years, paid the property taxes since 2000 is not dispositive of the issue before us. Furthermore, there is no validity to the argument that in 1996 Gonsoulin executed a document that met the requirements of Article VII, Section 20(A)(4) and therefore the cause of the contract is licit. First, that provision of the constitution applies very clearly to usufructs, not a right of

4

habitation. Second, Section 20(A)(4) was not added to the Louisiana Constitution until 2004. *See* Acts 2004, No. 929. This assignment of error strains credulity.

Finally, we find no error in the trial court's finding that there was a limited right of habitation. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ. Code art. 2046. In the absence of the actual document executed by Gonsoulin, Pontiff introduced the forms used by the assessor's office. The forms very clearly state that "the right of use of habitation" is granted "allowing him to claim Homestead Exemption." The trial court found that the words of the document are clear and explicit and lead to no absurd consequences. We find no error in that determination.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Michelle Pontiff.

**AFFIRMED.**